324-0437, the people of the state of Illinois, Appalee v. Justin Dalcollo, Appellant. Thank you. Counsel, if you notice, Justice Bertani is not present with us this morning. He has an issue, could not be present. Following the conclusion of arguments rather than conference at this time with Justice Anderson and with myself, at this point, we're going to wait until Justice Bertani has an opportunity to review and listen to and watch the oral arguments. Then we will have our conference, and then an opinion will be issued forthwith. At this point, then, we can move forward, please. Appellant? Yes, Gilbert Lenz from the Office of the State Appellant Defender, on behalf of Justin Dalcollo. Thank you. Go ahead. You can proceed, Mr. Lenz. Thank you, Your Honor. Good afternoon, Your Honors and Counsel. This Court should remand Mr. Dalcollo's post-conviction petition for further proceedings. And I apologize for my voice today. I'm sorry. It's fine. This Court should remand for second-stage proceedings because Mr. Dalcollo's pro se pleadings state an arguable claim of ineffective assistance of appellate counsel for not raising a due process violation on direct appeal, specifically a claim that the trial court erred in allowing Mr. Dalcollo to be tried and convicted on eight counts that the state had not crossed but had never reinstated. Because that claim has an arguable basis in both the record and the case law, Mr. Dalcollo has also stated a claim of ineffective assistance of appellate counsel that has an arguable basis, in fact, in law. And for those reasons, this Court should remand for further proceedings. Mr. Lenz, I just want to make sure I'm clear that he was originally charged on 14 counts, ultimately convicted on 10. And of those 10, how many of them were arguably not crossed and then not reinstated?  Eight of the counts. All but counts one and three. Okay. So whatever we do today would not affect his conviction on counts one and three, correct? Whatever you do in this appeal, it would actually not affect any of the convictions at this point, but you're correct, Your Honor. Okay. Yes, correct. Whatever occurs in post-conviction proceedings up to the third stage would not affect the convictions. Yes. It's undisputed that counts one and three remain valid. That was my question. Yes. Yes. All right. Thank you. Thank you. So turning to the nature of the due process violation, just to clarify some of the facts here, September 30th, 2020, Mr. Dalcollo pleaded guilty to those two counts I mentioned. He was later allowed to represent himself, and then he was allowed to withdraw his guilty plea. At no point between his guilty plea and June 11th, 2021, when the judge denied his motion objecting to the trial on all 14 counts, did the judge ever inform him explicitly that the counts could be or would be reinstated, the ones that had been null-promised? When you say explicitly, can you talk about the conversation with Judge O'Halloran-Walsh and the defendant regarding the indictment, the petition that she wanted to make sure that he had a copy of in his hand? Yes. There are three relevant dates in February of 2021 that Your Honor is referring to where Mr. Dalcollo expressed a wish to represent himself, and the judge told him or confirmed with him that he had a copy of the indictment that included all 14 counts. On the last of those dates, February 18th, I believe, the judge actually began to admonish him on all 14 of the counts. And at that point, Mr. Dalcollo told the court he was confused about why she was describing to him the counts that the state had previously dismissed. Now, at that point, the judge said something that was technically correct, which was that she did not know what would happen to those counts, and she wanted to make sure Mr. Dalcollo was aware of the charges and penalties under all 14 of the counts. But at no point did the judge tell Mr. Dalcollo that the counts could be or would be reinstated, the ones that had been null prost, or that he would be facing trial on all 14 counts. And that's the kind of admonishment that was required in this case to support the state's argument that Mr. Dalcollo had sufficient notice prior to withdrawing his guilty plea. If that answers that question, Your Honor, I'll turn to May of 2021. The court allowed Mr. Dalcollo to withdraw his guilty plea, and Mr. Dalcollo understood that the judge's previous admonishments indicated something might be happening here with the null prost counts. So he filed a motion, a written motion, objecting to being tried on those null prost counts. And instead of the state taking the action required by the Illinois Supreme Court to reinstate those counts, the judge simply denied that motion and said that she had previously told him he would be going to trial on all the null prost counts. And that was simply incorrect. And thus, Mr. Dalcollo was arguably tried and convicted on counts that were not legally before the court at the time. And that is the underlying due process violation here that has an arguable basis, in fact, in law. And thus, it's reasonably likely that this court would have granted Mr. Dalcollo some form of relief had counsel and direct appeal raised this claim. That's the post-conviction claim at issue, an arguable claim of ineffective assistance of appellate counsel. And that's why this case needs to go to second stage. If there are no further questions, I'll reserve my time for rebuttal. Thank you, Justice Anderson. Any other questions? I don't. Thank you. Thank you. Ms. Hoffman? Good afternoon, Your Honors. Lisa Hoffman for the people. Your Honors, I'm going to begin, if you will allow me, by just responding to one of Mr. Lenz's statements in response to Justice Davenport's question about the dialogue between the court and Mr. Dalcollo regarding the 14 counts. Excuse me. So this appears, this particular portion appears at the impounded record at 408. It also is in my brief at the bottom of page 10 and going on to page 11. The court, Mr. Lenz said that the court addressed Mr. Dalcollo's question about why was he being admonished about all 14 of the counts by saying she didn't know what would happen with those counts. That's not what she said. What she said is, quote, I intend to read each of these counts because the court cannot predict what direction potentially the case will go. And I want to make sure you are well aware there is a motion to withdraw your guilty plea on file right now. And then she goes on. So she didn't say she wasn't aware what would happen to the counts. What she did say was she wasn't aware where the case would ultimately go because she had not yet granted the motion to withdraw the plea or, in fact, even his motion to go pro se. Okay. I just wanted to clarify that. So now just more generally, the people's position is that in this case, it's fairly straightforward. Mr. Dalcollo brings a claim of ineffective assistance of appellate counsel for not raising this issue. But that can only succeed if he can demonstrate both deficiency and prejudice. And with respect to the prejudice prong, it's our position that he can't show prejudice because this is if there was error in the counts not being reinstated directly by comment by the state, that that was harmless. In this instance, these counts were not processed as part of a fully negotiated plea agreement. And so when that agreement was ultimately withdrawn and then vacated, what happens in a plea, which is different from many of the cases that, in fact, almost all of the cases that are relied upon. And in this area about the question of reinstatement, unlike a trial situation in a negotiated plea, we go back to the status quo where we were when we started. And when we started the plea negotiations, Mr. Dalcollo stood and indicted on 14 counts. When you say that, what case specifically do you rely on when you say that we go back to how it stood before? Do you have authority for that or that's just kind of how it's done? Well, I mean, that's from I would say that stems from the Evans line of just general contract principles and pleas. So at that point, so unlike a situation where and a lot of this stems from language in Hughes and then it's repeated other places that about what does it mean to not press a count? And it indicates that the state wishes is saying they cannot will not proceed on that count. That's different in a trial situation than it is in a negotiated plea situation. Because, again, in a plea situation, we are agreeing to clear the field of certain things to make way for a guilty plea on other things and move forward. Whereas in a trial situation, the state may in fact be nolly-crossing because they can't they feel on the eve of trial or at any point prior to it, they can't prove it. We don't know the answer to that, but we do know in this instance, those counts were nolly-crossed as part of this agreement. So and that is why the court, the trial court cited you and I have cited you in this case, people versus Russ, which is an unpublished opinion. But it is perhaps the most clear example of the difference between the nolly-cross in a trial situation and the nolly-cross in a plea situation. So our position is, in this instance, had the state asked to reinstate, and I do wish to say that I'm not suggesting that best practice isn't for the state to have done this, to have asked for it. I can't look under the record and see why that didn't happen, whether it was simply a matter of everybody just, the words just didn't particularly come out. But I just assumed it under contract principles. Right, I think everybody just went back to the place where we all start when we go back after contract principles. And I think Russ does a nice job of explaining that, and it sort of gives a good roadmap. I don't know that it's particularly controversial. I think that it's, that's how contract, that's how pleas work, and that's how contract principles work. And so in this instance, had Mr., had the state asked for reinstatement, there was no reason that those counts wouldn't have been reinstated. This isn't a situation where we had any problems with respect to statutes of limitations or things of that nature. In this instance, it, again, I just, there's the question of would there have been a different result had the state asked for reinstatement than there was when the state didn't, but the court proceeded as though there had been a request. And pursuant to principles of contract and negotiated pleas, here we are. And so Mr. DelCarlo cannot demonstrate that there would have been a difference and that it would have changed the result. Therefore, he cannot demonstrate prejudice. Therefore, for those reasons, it's our position that this should be affirmed. I will say I do think that the courts, the court was as clear as could be without using the words that she was attempting to protect Mr. DelCarlo's decision-making by advising him of everything that he was looking at should he wish to proceed both with his request for, to proceed pro se, and also with his request to withdraw his plea. If the court has, I'm sorry, Your Honor. I'm sorry, Your Honor, I'm having a really hard time hearing you. I have a problem. I don't know why. Much better.  Okay, good. Sorry about that. I think I had Mr. Lentz's cold. So where I'm at right now is when you indicated that she was using her best efforts.  Would that have been back when she, after she adjourned and they came back for the hearing after he had the opportunity to go over with counsel what the indictments was when she said, I want to make sure the defendant is admonished on all counts. And then she said, not just the ones that he has pled guilty to. Is that what you're referencing that those were the words that she was using? Okay, thank you.  Go ahead, please. I'm sorry. So, unless the court has further questions, I would ask that we affirm. Thank you. Justice Anderson, any questions? No, I don't have any other questions. Thank you. Mr. Lentz. Yes, Your Honor. Thank you. The judge, in this case. Never told Mr. That and Mr. Expressed confusion about this in the middle of those admonishments that Justice Davenport was referring to. He said he was confused about why she was why the judge was talking about all the counts in him and now. And even at that point, as as counsel said. What she told Mr. That she cannot predict what will happen with those counts. That's a far cry from telling him that. If he's allowed to withdraw his guilty plea, and he hadn't withdrawn it yet, which is a key fact. If he's allowed to withdraw his guilty plea, he will face trial on all of those counts. He never heard those words from the court before he withdrew his guilty plea. And he never heard those words from the court until. The court denied his motion, objecting to the trial on all of those accounts. The Illinois Supreme Court has never made the distinction the state's drawing here between trials and guilty pleas. When, when the state now process account. The court has made it crystal clear. To reinstate that count action is required by the state, either a new charging instrument or a motion to vacate the order. The state didn't do that here. And it's only excused in cases where. The defendant, like, the rest defendant was told before he withdrew his plea. You're going to go to trial and all of these counts and the rest defendant said, yes, I understand that. I want to do that. That's that's far different from the record here. And maybe most importantly, your honors. This is the 1st stage post conviction petition. Every case that Mr. In his brief where a conviction was vacated. On similar grounds was a case where the state. Committed an oversight, it, it, it may have been easily remedy, but it was not remedied. The state's not take the step to remedy the air and the conviction was vacated specifically the Williams case. Which followed Hughes and Chanel. And applied this kind of theory to a guilty plea. As we have here. So, under the Williams case. Supported by Hughes and Chanel, Mr. Claim has at least a fact as an arguable basis in the case law. That's not rebutted. That's not refuted by Russ, even if this court finds Russ's counter authority on some level. That unpublished 2nd stage decision. Can't objectively refute Mr. And as the state acknowledges, it didn't take. The required action to reinstate the charges, so his claim also has a basis in the factual basis. An arguable basis in the factual record. So, for those reasons, your honors. This course should remain for 2nd stage proceedings where this came this claim can be further fleshed out. By both sides and. And the post commission process should be followed through here. Mr. It seems to me that the judge assumed that these. Counselor reinstated it seems to me that the prosecutor assumed the counselor automatically reinstated. There's some argument, if I understand it correctly, that the defendant should have. At least should have assumed that the counselor reinstated is it good enough that he should have assumed it? Or does he need to be told they've been reinstated and is there and is there any authority that. That recognizes the distinction between those 2 concepts. I believe the cases where. This kind of error by the state was excused involved cases where the record shows that the counseled defendant. The council was aware that the trial was going forward on the constant and previously. Council was aware of that fact and did not object to that. That's those are the kind of cases where the strict rule. On the reinstatement, the state's required action to reinstate a count. Those are the kind of cases where it's excused, but here, Mr. told the court, he didn't understand why. She was talking about the counts and then after he withdrew his plea, he objected to being tried on those counts. That's the difference here between this case. And any authority that the state has to support its argument. Mr. objected to this trial on council had no legal existence. And that objective was overruled without the error being corrected. Certainly, arguably, so such that this is the kind of petition that needs to go to the 2nd stage. Thank you. Thank you. Anything further justice Anderson? No, thank you. Thank you. Counsel for your arguments following the opportunity to conference with justice. And after he's had the opportunity to listen to the arguments, a ruling will be forthcoming.